Case 3:25-cv-00218   Document 25   Filed on 10/15/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SYLVIA WILLIAMS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00218 |
| | § | |
| MIDLAND CREDIT MANAGEMENT, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER, MEMORANDUM AND RECOMMENDATION

Pending before me are two motions: (1) Plaintiff's Motion for Leave to Amend Complaint and (2) Plaintiff's Motion to Remand. *See* Dkts. 12, 13. For the reasons discussed below, I grant Plaintiff's request for leave to amend her complaint.[1] Because the amended complaint deprives this court of subject matter jurisdiction, I recommend that the motion to remand be granted.[2]

## BACKGROUND

Representing herself, Plaintiff Sylvia Williams filed this lawsuit on May 23, 2025, against Defendant Midland Credit Management, Inc. in the Justice of the Peace Court, Precinct 4, Galveston County, Texas. Williams's initial state court pleading asserted claims under the Texas Finance Code, the Fair Debt Collection Practices Act ("FDCPA"), and Texas tort law. *See* Dkt. 1-4 at 3. She sought to recover "damages of nearly $20,000." *Id.* (emphasis omitted). Because Williams brought a claim under the FDCPA, a federal statute, Midland removed the case to federal court on July 11, 2025, based on federal question jurisdiction. *See* Dkt. 1.

---

[1] A motion to amend the pleadings is a non-dispositive matter that may be ruled on by a magistrate judge. *See Benjamin v. Bank of N.Y. Mellon*, No. 4:20-cv-00214, 2021 WL 672344, at *1 (S.D. Tex. Feb. 22, 2021).

[2] A motion to remand is a dispositive motion for which a magistrate judge must enter a recommendation. *See Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 764 (5th Cir. 2016).

On August 5, 2025, Williams filed an Amended Original Petition, dropping the Texas tort claim, but continuing to assert claims under the Texas Finance Code and FDCPA. *See* Dkt. 9. That same day, she moved to remand this case to state court. *See* Dkt. 8. The motion to remand was denied on August 6, 2025, because Williams's FDCPA claim gave rise to federal question jurisdiction. *See* Dkt. 10.

On August 12, 2025, Williams sought leave to amend her pleading. *See* Dkt. 12. In her motion for leave, Williams explains that she "now seeks to remove the federal question and proceed solely with state law claims pursuant to the Texas Finance Code." *Id.* at 1. To that end, the proposed amended complaint states,[4] under the heading "**REMOVAL OF FEDERAL QUESTION**": "Plaintiff has voluntarily removed any federal questions from this case and is proceeding solely under state law claims pursuant to the Texas Finance Code, specifically for violations related to the failure to validate debt and improper debt collection practices." Dkt. 14 at 1.

Midland opposes Williams's request to amend her complaint and her motion to remand this case to the Justice of the Peace Court. I will address each motion separately.

## MOTION TO AMEND COMPLAINT

A district "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the decision to grant or deny leave to amend is technically "within the discretion of the trial court[,]" *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971), such discretion is limited by Rule 15(a)'s bias in favor of granting leave. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) ("In the context of motions to amend pleadings, 'discretion' may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." (quotation omitted)). It follows that leave to amend should be granted "unless the movant has acted in bad faith or with a dilatory

---

[4] The proposed amended complaint is titled "First Amended Petition – Federal Court." *See* Dkt. 14.

2

motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009).

Midland argues that Williams's request to amend her complaint to remove her FDCPA claim is "improper forum shopping, evidencing bad faith." Dkt. 18 at 5. As the legendary Lee Corso would say, "Not so fast, my friend." There is nothing inappropriate about Williams's request to jettison her federal claims, before the deadline to amend pleadings, so that she can pursue her claim under the Texas Finance Code in state court. It is well-settled that the plaintiff "is the master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). "She gets to determine which substantive claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Royal Canin U.S.A., Inc., v. Wullschleger*, 604 U.S. 22, 35 (2025). "[I]n cases like this one, she may decide to plead federal-law claims, or instead to allege state-law claims alone and thus ensure a state forum." *Id.*

From the outset of this matter, Williams has demonstrated her desire to proceed in state court. She originally filed this lawsuit in the Justice of the Peace Court, a local court handling small claims in a cost-effective manner. Although Midland properly removed the matter to federal court, Williams has clearly expressed her preference to return to state court. Shortly after the case landed in federal court, Williams filed a motion to remand and then amended her pleading, although that amended pleading continued to assert an FDCPA claim. Midland ascribes ill motive to Williams's failed motion to remand and her first amended pleading, but I do not. I am sympathetic to how difficult it is—even for experienced lawyers—to navigate the federal judicial system. Williams is representing herself in this matter and should be given some grace. I will not force her to pursue an FDCPA cause of action when she has unequivocally stated that she does not want to do so. The fact that Williams has promptly sought to amend her lawsuit to remove her federal claim seals the deal. Williams asked to amend her complaint to remove her FDCPA claim a mere 32 days after this case was removed to federal

3

court. Had Williams waited a long time before seeking to amend her complaint—perhaps in an effort to gauge the court's views on the underlying merits of the case—I might view the situation differently. But that is not what happened here.

In opposing Williams's request for leave to amend, Midland argues that Williams must satisfy Rule 16(b)(4)'s good-cause standard before she may amend her complaint. Rule 16(b)(4)'s good-cause requirement applies to the "amendment of pleadings after a scheduling order's deadline to amend has expired." *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). Midland asserts that Rule 16(b)(4) applies because Williams filed her proposed amended complaint *after* the deadline to file an amended pleading expired. *See* Dkt. 18 at 5. Midland is wrong. The Docket Control Order in this case set an August 22, 2025 deadline to amend pleadings. *See* Dkt. 15 at 1. Williams filed her proposed amended complaint on August 11, 2025, and her motion for leave on August 12, 2025, approximately two weeks *before* the deadline in the Docket Control Order. *See* Dkts. 12, 14. As such, Rule 16(b)(4) is inapplicable here.

Midland also argues that I should deny Williams's request for leave to amend because her Texas Finance Code cause of action fails to state a claim upon which relief could be granted under Rule 12(b)(6). But Midland is placing the cart before the horse. Williams is not asking to inject a new claim under the Texas Finance Code. The Texas Finance Code claim has been part of Williams's pleadings since this case started in the Justice of the Peace Court. Williams's proposed amended complaint simply removes any federal claim for relief. Midland is asking the court to decide—before determining whether it possesses subject-matter jurisdiction—that Williams's Texas Finance Code claim fails to satisfy Rule 12(b)(6). That would be improper.

"Federal courts must determine that they have jurisdiction before proceeding to the merits" of a suit, including ruling on a 12(b)(6) motion to dismiss. *Lance v. Coffman*, 549 U.S. 437, 439 (2007). I must, therefore, address the motion to remand. Only if the court possesses subject-matter jurisdiction may

4

I consider a Rule 12(b)(6) motion to dismiss. *See Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, No. CIV.A. H-09-3828, 2010 WL 1996596, at *2 (S.D. Tex. May 17, 2010) ("The resolution of [a] motion [to remand] will determine whether the Court has jurisdiction to consider the Rule 12(b)(6) motions to dismiss.")

I take seriously Rule 15(a)'s mandate to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). I am also mindful of the Supreme Court's instruction that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because Midland has offered no substantial reason to deny leave to amend, I grant Williams's request to amend her complaint. The live pleading in this case is the First Amended Petition – Federal Court. *See* Dkt. 14.

## MOTION TO REMAND

Although Williams originally brought an FDCPA claim, her renunciation of that claim—and all claims arising under federal law—dissolves this court's jurisdiction. As the Supreme Court explained earlier this year:

> [T]he presence of jurisdiction, in removed as in original cases, hinges on the amended, now operative pleading. By adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority. And so it is here. When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started.

*Royal Canin*, 604 U.S. at 39. The same result necessarily follows here. This case must be remanded to the Justice of the Peace Court where it began.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend Complaint (Dkt. 12) is granted. The live pleading is Dkt. 14. Because the live pleading does not allege a federal question, I recommend that Plaintiff's motion to

5

remand (Dkt. 13) be granted. This case should be remanded to the Justice of the Peace Court, Precinct 4, Galveston County, Texas.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 15th day of October 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE